**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LORI LANEE HANKINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00040-O-BP** |
| | § | |
| **ANDREW M. SAUL,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lori Lanee Hankins ("Hankins") filed her action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), and Supplemental Security Income ("SSI") payments under Title XVI. ECF Nos. 1 and 17. After considering the pleadings, briefs, administrative record, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

**I.    STATEMENT OF THE CASE**

Hankins was born on March 1, 1965 and has a high school equivalency diploma. See Soc. Sec. Admin. R. (hereinafter, "Tr."), ECF No. 15-1 at 32, 57. When she applied for benefits, she was fifty-one years old, which is defined as closely approaching advanced age. Tr. 57. Her previous employment includes being a head school cafeteria cook, cashier, light housekeeper, and auto title clerk. Tr. 22. Hankins asserts that a combination of impairments renders her disabled and entitled to relief under the SSA. ECF No. 1. Hankins filed her applications for a period of disability,

DIB, and SSI payments on May 11, 2017. Tr. 15. In all of the applications, she alleged that her disability began on January 25, 2017. *Id.* The claim was denied initially on July 18, 2017 and then again upon reconsideration on November 14, 2017. *Id.* Hankins requested a hearing, which was held before Administrative Law Judge ("ALJ") Brock Cima in Fort Worth, Texas on February 27, 2019, with Hankins, her attorney, and a vocational expert ("VE") present. *Id.* The ALJ issued an unfavorable decision on April 23, 2019. Tr. 12.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Hankins had not engaged in substantial gainful activity since January 25, 2017, the alleged onset date. Tr. 18. At step two, he determined that Hankins had severe impairments of cervical spondylosis with radiculopathy, degenerative disc disease ("DDD") of the lumbar spine, ulnar neuropathy, and obesity. *Id.* At step three, the ALJ found that Hankins' impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Pt. 404(p). *Id.* In particular, he concluded that Hankins retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with excepted limitations of no climbing ladders, ropes, or scaffolds. Tr. 19. At step four, the ALJ determined that Hankins could perform past relevant work as an auto title clerk as it does not require work-related activities precluded by her RFC. Tr. 22. At step five, the ALJ determined that Hankins has not been under a disability as defined in the Social Security Act from January 25, 2017. *Id.*

The Appeals Council ("AC") denied review on November 19, 2019. Tr. 6. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's

RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

III.    **ANALYSIS**

Hankins raises two issues on appeal. She claims that the ALJ failed to (1) fully consider all of her vocationally significant impairments in determining her RFC, and (2) the ALJ improperly substituted his own medical judgment for the medical opinion evidence of record. ECF No. 17 at 2-3.

A.    **Substantial Evidence Supports the ALJ's RFC Determination.**

Hankins first argues that the ALJ did not consider all of her functional limitations in determining her RFC. ECF No. 17 at 7-10. She contends that he did not properly make a function-by-function assessment of the effect of all of Hankins' limitations in his RFC determination. *Id.* at 7. Specifically, she alleges that the ALJ's RFC is deficient because it did not include how her limited range of motion of her neck would affect her ability to perform her past work or any other work. *Id.* at 7. Hankins also contends that the RFC did not include her need to constantly change positions throughout the day and that this makes her ineligible for sedentary work. *Id.* at 8.

In response, the Commissioner argues that the ALJ properly considered all of her functional limitations that he found supported by the medical record and that based on the medical evidence, he did not find her impairments to be as debilitating as she claimed them to be. ECF No. 18 at 7-9. The Commissioner contends that subjective symptoms alone are not enough to support a finding that Hankins is disabled. *Id.* at 9. Additionally, Hankins' normal gait and movement of her extremities, as well as her symptoms being stable with no side effects from her medication, further establish that her limitations are not as severe as she asserts. *Id.*

By definition, a claimant's RFC is the most the claimant can still do despite her impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). "The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss

the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). "The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Nor must the ALJ expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* § 404.1545(b). In determining mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses the "paragraph B criteria" to rate the degree of the claimant's mental limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1.

Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

When the claimant alleges subjective complaints of pain, objective evidence must corroborate these allegations. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). Pursuant to SSR 96-7p, an ALJ assessing a claimant's allegations of symptoms such as pain or fatigue must conduct an objective-subjective, two-step analysis. *Salgado v. Astrue*, 271 F. App'x 456, 458 (5th Cir. 2008). In the first, objective, step, the ALJ must determine whether there is an impairment that could reasonably be expected to produce the claimant's symptoms. *Id.* If the ALJ identifies an impairment at step one, then the ALJ proceeds to the second, subjective, step and "considers the applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work." *Id.* at 459. This requires a credibility finding regarding the applicant's claims about symptoms. *Id.* Further, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa*, 895 F.2d at 1024.

Hankins alleges that the ALJ did not consider the limited range of motion of her cervical spine in reaching his RFC determination. Specifically, she contends that her limited motion in her spine causes her to have difficulties moving her neck up to look at customers. ECF No. 17 at 6. She further claims that her neck pain causes her to get headaches and pain under both of her ears three times a day. Tr. 44-45. To alleviate this pain Hankins must use a vibrating neck pillow and must lie down. Tr. 45. The Commissioner argues that the record reflects that despite claiming to

have a limited range of motion in her neck in October of 2017, she had a normal gait, movement of her extremities, and motor strength. ECF No. 18 at 10-11. Further, the Commissioner argues that Hankins denied having back pain and weakness in November 2018. ECF No. 18 at 10.

Hankins also contends that the ALJ did not consider her inability to remain in one position, either sitting, standing, or walking, for extended periods of time in determining her RFC. ECF No. 19 at 2. Specifically, she alleges that she can stay in one position for no longer than an hour, before having to alternate positions. Tr. 48. Hankins concludes that since she is unable to sit for a total of six hours in an eight-hour workday, she is unable to perform sedentary work. ECF No. 17 at 9. The Commissioner responds that the ALJ did in fact consider her claims of being unable to stand and walk for more than thirty minutes but found that the medical evidence did not support these claimed limitations. ECF No. 18 at 9. The Commissioner reasoned that Hankins' normal gait during the alleged period of disability as well as the normal movement of her extremities and motor strength support the ALJ's FCR determination that her limitations were not as severe as she alleged. *Id.*

While Hankins testified to the level of pain and limitations on activities that her neck pain and inability to stay in one position for a period of time caused her, she did not support her subjective complaints with objective medical evidence in the record that her chronic pain limits her ability to perform sedentary work. The ALJ identified the proper legal standards, stated the parameters of the objective-subjective, two-step analysis he was required to undertake, and proceeded in compliance with the proper legal standards. Tr. 18-21. After considering the evidence, the ALJ determined that Hankins' medically determinable impairments could reasonably be expected to cause some of the alleged symptoms at step one. Tr. 21. However, after considering her complaints of pain resulting from moving her neck and need to frequently switch

positions as well as the medical evidence, he found that Hankins' statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible. Tr. 19-21. Nevertheless, the ALJ still considered Hankins' unsupported allegations of neck pain from her limited range of motion of her cervical spine and need to change positions and the resulting limitations, and determined that she retained the ability to perform sedentary work with minor postural and manipulative limitations such as no climbing ladders, ropes, or scaffolds. Tr. 19.

Substantial evidence in the record supports the ALJ's determination that Hankins could perform sedentary work on a sustained basis. The ALJ evaluated Hankins' limited and painful range of motion in her cervical spine and noted her claims of a limited range of motion in her neck in her earlier doctor visits. Tr. 20. However, he found that in her September, October, and November 2018 doctor's appointments, she had full range of motion of her neck, full and painless range of motion in all major muscle groups and joints, and grossly normal muscle tone and strength. Tr. 20-21. The ALJ also considered the negative findings of Hankins' left and right Spurling Test, normal sensations, no weakness or pain with movement, and full range of motion of both of her arms. Tr. 20. Noting these improvements, the ALJ determined that Hankins' limitations due to her limited range of motion in her cervical spine were not as severe as she alleged. Tr. 21.

The ALJ also evaluated Hankins' claims of inability to stay in the same position for longer than thirty minutes to an hour. Tr. 21. He found that the evidence in the record did not support Hankins' allegations. For example, the ALJ noted that during the period at issue, Hankins had a normal bilateral straight leg raise as well as a normal gait and stance. TR. 20. Additionally, in October 2018, she had a full and painless range of motion in all major muscle groups and joints, and grossly normal muscle tone and strength. Tr. 21. In November 2018, Hankins also denied

having back pain and weakness. *Id.* The medical record also showed that her symptoms were stable, and her medications controlled her symptoms with no side effects. Tr. 20. Moreover, both state agency medical consultants also determined that despite Hankins' allegations of the severity of her pain and limitations, the medical and other evidence in the record does not support her allegations. Tr. 21, 61, 82.

Hankins has not shown that the ALJ's RFC finding is not based on credible evidentiary choices or medical findings. Instead, she argues that other evidence in the record supports her assertion that she is not capable of the demands of her previous work as a title clerk as she cannot raise her head to communicate with the public and she cannot sit at least six hours out of an eight hour workday. *See* ECF No. 17 at 7. Hankins' "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Caldwell v. Colvin*, No. 4:15-CV-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted,* No. 4:15-CV-00576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016). Hankins' disagreement with the ALJ's RFC finding does not carry her burden of establishing that no substantial evidence supports the ALJ's determination. As a result, reversal of the ALJ's decision is not required on this point.

**B. The ALJ did Not Improperly Substitute His Medical Judgment for the Medical Opinion Evidence of Record**.

Hankins argues that the ALJ improperly substituted his medical judgment for the medical opinion evidence of record. ECF No. 17 at 3. In support, Hankins notes that although both state agency medical consultants found that she retained the functional capacity to perform "a limited range of light work" and that she had "postural limitations but no manipulative limitations", the ALJ disagreed that Hankins had no manipulative limitations. *Id.* at 10-11. Therefore, Hankins contends that since the ALJ disagreed with the "only medical opinion in this record as to

10

[Hankins'] ability to use her hands for handling and fingering," the ALJ cannot determine Hankins' ability to be able to "finger frequently bilaterally." *Id.* at 12.

The Commissioner responds that what Hankins characterizes as the ALJ substituting his opinion is instead the proper interpretation of medical evidence to determine her capacity for work. ECF No. 18 at 14. The Commissioner further argues that although the state agency medical consultants did not assess Hankins with any manipulative limitations, other evidence in the record, specifically the January 2017 magnetic resonance imaging ("MRI") of her cervical spine, supported the slight limitation. *Id.* Therefore, the Commissioner states that the ALJ was "free to incorporate limitations he finds consistent with the record." *Id.* (citing *Andrew v. Astrue*, 917 F. Supp. 2d 624, 642 (N.D. Tex. 2013)).

The ALJ did not substitute his opinion for those of Hankins' physicians or the state agency medical consultants. At most, the ALJ placed an additional restriction on Hankins' ability to perform work activities that would operate in Hankins' favor in determining disability. Both state agency medical consultants opined that Hankins could perform sedentary work with postural limitations. Tr. 21. However, based on the medical evidence provided, and relied upon by both medical consultants, the ALJ found their opinions only "somewhat persuasive" as they lacked the required manipulative limitations that the medical evidence established. *Id.* Specifically, the MRI on which both medical consultants based their opinions revealed that Hankins had moderate degenerative spondylosis with a reversal of cervical lordosis, moderate central canal stenosis at C4-5 and C5-6, severe foraminal stenosis at left C5-6, degenerative changes and DDD, disc bulging at L4-L5 and L5-S1, broad base central disc herniation at L3-L4, and left paramedian disc herniation at L1-L2. *Id.* Based on the medical consultants' interpretation of the MRI, as well as Hankins' testimony that she cannot lift things due to pain, the ALJ concluded that she required

manipulative limitations. Tr. 19, 21. Thus, the ALJ did not improperly substitute his medical judgment in place of the medical opinion evidence of record.

Even if the ALJ improperly substituted his own medical opinion in determining Hankins' ability to handle and finger bilaterally, the error was harmless. In her hearing testimony, she complained of difficulty using her upper extremities and stated that her fingers go numb. Tr. 32, 41. The ALJ's RFC determination finding that Hankins has a manipulation limitation benefits her, considering her claims of arm and finger pain. *Id.* The Fifth Circuit has held that "procedural perfection in administrative proceedings is not required. [The] Court will not vacate a judgment unless the substantial rights of a party have been affected." *Barratt v. Astrue*, No. 07-5167, 2008 WL 2325636, at *2 n.1 (5th Cir. 2008) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Here, the ALJ's determination that Hankins has manipulation limitations is consistent with the medical records and certainly does not affect her rights in a negative way. Therefore, if the ALJ did err, it was a harmless error.

## IV.    CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports his decision, and Hankins has not shown that reversal of the decision is required, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** September 28, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

13